# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

**HERNAN ANGEL,**

Plaintiff,

v.

**JOHN DOE**, an unidentified Harrisburg Police Officer,
**CITY OF HARRISBURG**,
and
**SAWYER'S BAR AND GRILL, LLC,**
Defendants.

FILED
HARRISBURG, PA
JUL 29 2025
PER _____
DEPUTY CLERK

Case No.: 1:25-cv-1407

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. §1983) AND STATE LAW CLAIMS

### I. JURISDICTION AND VENUE
1. This Court has jurisdiction under 28 U.S.C. §§1331 and 1343 because Plaintiff brings claims under 42 U.S.C. §1983 and the U.S. Constitution.
2. The Court has supplemental jurisdiction over state law claims under 28 U.S.C. §1367, as they arise from the same set of facts.
3. Venue is proper under 28 U.S.C. §1391 because all events occurred in Harrisburg, Pennsylvania.

## II. PARTIES

4. **Plaintiff:** Hernan Angel, 4105 Beechwood Ln, Apt J, Harrisburg, PA 17112.
5. **Defendant John Doe:** Unidentified Harrisburg Police Officer acting under color of law during the incident.
6. **Defendant City of Harrisburg:** Municipal entity responsible for policies, training, and supervision of its officers.
7. **Defendant Sawyer's Bar and Grill, LLC:** Pennsylvania business operating at 210 N 2nd St, Harrisburg, PA 17101.

---

## III. FACTS

8. On July 21, 2024, Plaintiff was at Sawyer's Bar and Grill in Harrisburg, PA, with his brother and wife.
9. Before security attempted to remove Plaintiff's brother, Plaintiff approached Sawyer's staff and offered to personally escort his brother home in order to defuse the situation. Despite this peaceful offer, the bouncer dismissed Plaintiff and stated he would forcibly take Plaintiff's brother out himself.
10. Sawyer's security staff forcibly removed Plaintiff's brother and assaulted him outside the club.
11. Plaintiff attempted to intervene to protect his brother and was pushed twice by Sawyer's security staff.
12. In response to the second push, Plaintiff instinctively threw a drink toward the security staff.
13. Immediately after, **Defendant John Doe, a Harrisburg police officer acting under color of law, attacked Plaintiff without warning or provocation.**
14. Defendant John Doe struck Plaintiff from behind, causing him to fall, then repeatedly punched Plaintiff, slammed his head into the pavement, and applied a chokehold, cutting off Plaintiff's breathing.
15. During the assault, Defendant John Doe yelled "Stop resisting!" despite Plaintiff offering no resistance.
16. Plaintiff screamed, "They're killing me! They're killing me!" during the chokehold, fearing for his life.
17. Plaintiff bled heavily from facial injuries for approximately 10 minutes in the street while restrained. After his arrest, a medical person at booking glanced at Plaintiff and stated

he was fine, providing no cleaning or treatment, forcing Plaintiff to wash his own face to assess his condition.
18. When Plaintiff requested the officer's badge number and name, Defendant John Doe aggressively yelled 'Shut up' multiple times, refused to identify himself, and created an environment of intimidation that prevented Plaintiff from obtaining any information to report or pursue accountability.
19. Plaintiff sustained a **confirmed broken nose, resulting in permanent facial disfigurement,** and requires reconstructive surgery estimated at **$8,000–$15,000.**
20. Plaintiff also suffered severe rib pain and breathing difficulties for two months, suspected to be a rib fracture, but could not afford additional imaging due to financial hardship.
21. Plaintiff sought emergency medical care following the incident, resulting in approximately **$3,000–$4,000 in hospital charges**. Due to financial hardship, the hospital ultimately forgave or covered the cost of treatment. This debt forgiveness underscores the seriousness of Plaintiff's injuries and his lack of financial resources. Despite medical need, Plaintiff could not pursue further imaging or follow-up due to the unaffordable cost of care.
22. As a result of his injuries, Plaintiff was unable to work for three days, incurring additional financial loss.
23. Plaintiff was falsely charged with resisting arrest, resulting in participation in an Accelerated Rehabilitative Disposition (ARD) program, costing over **$5,100** ($3,500 attorney fees, $1,200 ARD fees, $400 evaluation).
24. **Photographs of Plaintiff's injuries, taken immediately after the assault, are attached as Exhibit A.**
25. **Plaintiff possesses video evidence of Defendant John Doe using excessive force on another individual on a separate occasion**, demonstrating a pattern of misconduct and lack of discipline by the City (Exhibit B, to be provided during discovery).
26. Plaintiff's brother and wife witnessed the entire incident, including the security staff's assault on Plaintiff and his brother, and Defendant John Doe's attack on Plaintiff.
27. Plaintiff filed an Internal Affairs complaint with the Harrisburg Police Department. **In retaliation, Harrisburg Police harassed Plaintiff's wife through repeated contacts and falsely claimed the complaint was closed without ever contacting Plaintiff.**
28. Defendant Sawyer's Bar and Grill negligently hired, trained, and supervised its security staff, whose assault on Plaintiff and his brother escalated the incident, directly contributing to Plaintiff's injuries.

## IV. CLAIMS FOR RELIEF

**Count I – Excessive Force (Fourth Amendment)** – 42 U.S.C. §1983 (Against John Doe)

**Count II – Assault and Battery** (State Law, Against John Doe)

**Count III – Retaliation** – 42 U.S.C. §1983 (Against City of Harrisburg and John Doe)

**Count IV – Monell Liability** – 42 U.S.C. §1983 (Against City of Harrisburg)

**Count V – Negligence** (Against Sawyer's Bar and Grill)

**Count VI – Negligent Hiring, Training, and Retention** (Against Sawyer's Bar and Grill)

**Count VII – Deliberate Indifference to Serious Medical Needs (Fourteenth Amendment)** – 42 U.S.C. §1983 (Against John Doe and City of Harrisburg)

## V. DAMAGES REQUESTED

Plaintiff seeks:

(a) Compensatory damages for permanent facial disfigurement, future surgery ($8,000–$15,000), pain, suffering, emotional distress, and lost wages from three days of missed work;

(b) Reimbursement for financial losses, including $5,100+ in ARD costs;

(c) Punitive damages against Defendant John Doe for egregious misconduct;

(d) Attorney's fees and costs under 42 U.S.C. §1988;

(e) Any other relief deemed just and proper.

## VI. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,
Hernan Angel

4105 Beechwood Ln, Apt J

Harrisburg, PA 17112

Phone: 223-278-7621

Email: Hernanangel99@gmail.com

Date: July 28, 2025

Signature: _____

---

**EXHIBITS**

**Exhibit A:** Photographs of Plaintiff's injuries immediately after the assault (facial bruising and swelling).

**Exhibit B:** Video evidence of Defendant John Doe using excessive force on another individual (to be produced during discovery).