# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERMAN ANGEL, | |
| Plaintiff, | No.: 1:25-CV-1407-LAL |
| v. | |
| JOHN DOE, AN UNIDENTIFIED HARRISBURG POLICE OFFICER, CITY OF HARRISBURG, AND SAWYER'S BAR AND GRILL, LLC | Jury Trial Demanded |
| Defendants. | |

## DEFENDANT CITY OF HARRISBURG'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6)

Defendant, City of Harrisburg, by and through its undersigned Counsel, Bellwoar Kelly, LLP, file this Brief in Support of its Motion to Dismiss Plaintiff's Complaint (ECF #1) and in support thereof aver as follows:

I. **INTRODUCTION**

The claims against the City of Harrisburg must be dismissed where (i) Harrisburg cannot be held liable under the theory of *respondeat superior*; (ii) no allegations are asserted of any violative policies, customs or practices; and (iii) no viable claim against any individual officer is pled. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 56 L.Ed. 2d 611, 98 S.Ct. 2018 (1978); *Williams v. West Chester*, 891 F.2d 458, 467 (3rd Cir. 1989).

II. **STATEMENT OF FACTS**[1]

Plaintiff, Hernan Angel ("Plaintiff" or "Angel") filed this Pro Se Complaint alleging civil rights violations against John Doe police officer, the City of Harrisburg ("Harrisburg") and Sawyer's Bar and Grille. The pertinent facts against Harrisburg include as follows:

Plaintiff was at Sawyer's Bar and Grill in Harrisburg in July 2024. Cmplt. ¶8. Security forcibly removed Plaintiff's brother while Plaintiff attempted to intervene and was pushed by Sawyer's security staff. Cmplt. ¶10,11. Plaintiff threw a drink at staff. Cmplt. ¶12. Immediately thereafter a John Doe Harrisburg police officer struck Plaintiff from behind causing him to fall and repeatedly punched him and applying a chokehold. Cmplt. ¶14. Plaintiff was bleeding from facial injuries while restrained. Cmplt. ¶17. He was seen by medical staff at the booking center and was told he was fine and was forced to wash his face. Cmplt. ¶17. Plaintiff sustained a broken nose resulting in disfigurement. Cmplt. ¶19.

Plaintiff filed an Internal Affairs Complaint with Harrisburg and alleges "Harrisburg Police" harassed Plaintiff's wife through repeated contacts falsely claiming the complaint was closed without contacting Angel. Cmplt. ¶ 27.

Plaintiff asserts the following claims for relief:

---

[1] Taking the well pled factual allegations of the Complaint as true, for purposes of this motion only, without admitting the same.

    Count III:    §1983 Retaliation (vs. Harrisburg and John Doe)

    Count IV:    Monell Liability (vs. Harrisburg)

    Count IV:    §1983 Deliberate Indifference to Serious Medical Needs (v. Harrisburg and John Doe).

Cmplt. ECF 1, p.4 of 5.

## III. LEGAL ARGUMENT

### A. Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b) tests the legal sufficiency of the complaint. *Sturm v. Clark*, 835 F.2d 1009, 1011 (3d Cir. 1987). The federal pleading rules require a short and plain statement of the claims showing that Plaintiff is entitled to relief. F.R.C.P. 8(a)(2). To successfully state a claim, Angel must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain detailed factual allegations, it must have more than unadorned, "defendant-unlawfully-harmed-me" type of accusations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly* at 555).

"A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). When assessing the sufficiency of a Complaint under *Twombly* and *Iqbal*, a

court must (1) take note of the elements a plaintiff must plead to state a claim, (2) identify all allegations that are conclusory and therefore not entitled to an assumption of truth, and (3) assume the veracity of well-pleaded allegations and determine whether they plausibly give rise to an entitlement for relief. *Santiago v. Warminster Tp.*, 629 F.3d 121, 130 (3d Cir. 2010).

B.  **All Claims Against Harrisburg Must be Dismissed as a Matter of Law**

Municipal entities are only liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible for under § 1983." *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978); *Hill v. Borough of Kutztown*, 455 F.3d 225 (3d Cir. 2006). An entity is not liable by reason of *respondeat superior*. *Monell*, Supra. Furthermore, there can be no liability against a municipality without an underlying constitutional violation. *Williams v. West Chester*, 891 F.2d 458, 467 (3rd Cir. 1989).

1.  **§1983 Retaliation**

In support of his retaliation claim, Plaintiff asserts that the "Harrisburg Police" harassed Plaintiff's wife (not a party) and falsely claimed Plaintiff's Internal Affairs Investigation Complaint was closed. Cmplt. ¶27. Plaintiff fails to allege any facts

supporting the elements of retaliation. Furthermore, he bases his retaliation claim solely on the impermissible theory of *respondeat superior*. For these reasons alone, Plaintiff's retaliation claim should be dismissed.

Additionally, the lack of allegations of a violation of any policies customs or practices likewise requires this claim to be dismissed, as a matter of law. See, *Monell*, supra.

2. *Monell*

Plaintiff has failed to plead any facts to support violative policies or practices which have allegedly been the cause of any constitutional violation against him. (Nor are the words policy, custom or practice pled). Accordingly, as the *Monell* is insufficiently pled, it must be dismissed.

Additionally, even assuming a sufficiently pled *Monell* claim, Plaintiff cannot pursue such a claim as there is no viable claim alleged against an individual officer. See, *Williams v. West Chester*, 891, F.2d 458, 467. Simply, without an underlying constitutional violation, the *Monell* claim fails. ("If a person has suffered no constitutional injury at the hands of [any] individual police officer, the fact that the departmental regulations might have *authorized* [unconstitutional action] is quite beside the point." *City of Los Angeles v. Heller, 475 U.S. 796, 799, 89 L. Ed. 2d 806, 106 S. Ct. 1571 (1986)* (per curiam)).

Angel fails to name any individual officer as a defendant. Rather, he names

"John Doe, an unidentified Harrisburg Police Officer". See, Cmplt. Since the filing of the Complaint, John Doe has not been identified nor served; and as such there is no viable claim of a constitutional violation against an individual officer. Therefore, this Court must dismiss Plaintiff's *Monell* claim against Harrisburg, as a matter of law.

### C. Deliberate Indifference To Medical Needs

Plaintiff alleges that he bled from facial injuries while being restrained. Again, Plaintiff fails to plead any factual allegations to support a plausible claim for relief in the nature of a 14th Amendment Violation of deliberate indifference to medical needs as against Harrisburg, or any individual officer. Rather, (even assuming such a claim is sufficiently pled (denied)), he again asserts an impermissible *respondeat superior* claim.

Accordingly, for the reasons set forth above, Plaintiff's claim for relief based upon a deliberate indifference to medical needs must be dismissed as a matter of law. See, *Monell*, *Santiago*, supra.

## IV. **CONCLUSION**

For the reasons set forth herein and in the Motion to Dismiss, the City of Harrisburg respectfully requests that this Court dismiss all claims against it as a matter of law, together with costs of suit, attorney's fees, and any other relief that this court deems appropriate under the circumstances.

|                              | **BELLWOAR KELLY, LLP**                              |
|------------------------------|------------------------------------------------------|
| Date: November 21, 2025      | By: */s/ Sheryl L. Brown*                            |
|                              | Sheryl L. Brown, Esquire, I.D. #59313                |
|                              | Attorney for Defendant                               |
|                              | City of Harrisburg                                   |
|                              | 126 W. Miner Street, #1                              |
|                              | West Chester, PA  19382                              |
|                              | (p) 610-314-7066                                     |
|                              | sbrown@bellwoarkelly.com                             |

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HERMAN ANGEL, | : | |
| Plaintiff, | : | No.: 1:25-CV-1407-LAL |
| v. | : | |
| JOHN DOE et al. | : | **Jury Trial Demanded** |
| Defendants. | : | |

# CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this day a true and correct copy of the City of Harrisburg's Brief in Support of its Motion to Dismiss was served upon the following as indicated:

Herman Angel
4105 Beechwood Ln. Apt. J
Harrisburg, PA  17112
(via First Class Mail)


Matthew Laver, Esquire
Weber Gallagher
2000 Market Street
13th Floor
Philadelphia, PA  19107
(via ECF)

|  |  | **BELLWOAR KELLY LLP** |
|---|---|---|
| Date: November 21, 2025 | By: | */s/ Sheryl L. Brown* |

Sheryl L. Brown, Esquire, I.D. #59313
Attorney for Defendant
City of Harrisburg
West Chester, PA 19382
(p) 610-314-7066
sbrown@bellwoarkelly.com