# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HERNAN ANGEL | : | NO. 1:25-CV-01407-LAL |
| Plaintiff | : | |
| v. | : | |
| JOHN DOE, an unidentified Harrisburg Police Officer, CITY OF HARRISBURG and SAWYER'S BAR AND GRILL, LLC | : | |

**DEFENDANT TOM SAWYER-HARRISBURG, LLC d/b/a SAWYERS (improperly named as SAWYER'S BAR AND GRILL, LLC) BRIEF IN OPPOSITION TO DEFENDANT CITY OF HARRISBURG'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Respectfully submitted,

**WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY, LLP**

By: /s/Matthew G. Laver
Matthew G. Laver, Esquire
Atty. ID#: 208801
2000 Market Street, 13th Floor
Philadelphia, PA 19107
(215) 972-7900
(215) 564-7699 (fax)
mlaver@wglaw.com
*Attorney for Defendant*
*Tom Sawyer-Harrisburg, LLC d/b/a*
*Sawyers (improperly named as Sawyer's*
*Bar and Grill, LLC)*

Date: December 5, 2025

I.   *RELEVANT* BACKGROUND

Plaintiff, *pro se*, filed a Complaint asserting various state and federal law claims against Defendants stemming from an alleged July 21, 2024 incident at Defendant, Tom Sawyer-Harrisburg, LLC d/b/a Sawyers (improperly named as Sawyer's Bar and Grill, LLC and hereinafter referred to as "Sawyers"). (*See* Doc. 1, generally). Specifically, Plaintiff alleges he was at "Sawyer's Bar and Grill" with his brother and wife on July 21, 2024 when his brother was "forcibly removed" from the establishment. (Doc. 1, ¶¶ 8-10). He alleges "he attempted to intervene to protect his brother and was pushed by Sawyer's security staff." (Doc. 1, ¶ 11). In response, Plaintiff threw a drink at a security staff member and then was immediately attacked by an unnamed "Harrisburg police officer acting under color of law . . . without warning or provocation." (Doc. 1, ¶¶ 12-13). He claims that this officer went on to assault him (i.e. punch, slam his head into pavement and choke him) despite offering "no resistance." (Doc. 1, ¶¶ 14-15). As a result of the conduct of this unnamed police officer, Plaintiff claims he sustained injuries, *inter alia*, to his ribs and face that include a "broken nose, resulting in permanent facial disfigurement, and requires reconstructive surgery estimated at $8,000-$15,000" and "$3,000-$4,000 in hospital charges." (Doc. 1, ¶¶ 19-21). He further claims he was falsely charged with resisting arrest resulting in approximately $5,000 of additional damages. (Doc. 1, ¶ 23). Plaintiff's Complaint appears to attach photographs of his alleged injuries to his face,

2

and he further alleges that he "possesses video evidence of Defendant John Doe using excessive force on another individual on a separate occasion, demonstrating a pattern of misconduct and lack of discipline by the City." (Doc. 1, ¶25). Plaintiff's Complaint further alleges that he filed an Internal Affairs complaint with the Harrisburg Police Department and claims "retaliation" by the department for the filing of such complaint. (Doc. 1, ¶ 27).

Overall, it appears Plaintiff is asserting claims for Negligence and Negligent, Hiring, Training and Retention against Sawyers. Specifically, Plaintiff alleges Sawyers' security staff assault on Plaintiff and his brother escalated the incident, directly contributing to Plaintiff's injuries." (Doc. 1, ¶ 28). On November 21, 2025, Defendant Sawyers filed an Answer to Plaintiff's Complaint with Affirmative Defenses and Crossclaims for contribution and/or indemnification against the City of Harrisburg and John Doe, unidentified Harrisburg Police Officer. (*See* Doc. 13).

Plaintiff is also asserting a *Monell* claim against Defendant City of Harrisburg for the unreasonable and excessive force allegedly committed by one of its police officers. (Doc. 1, generally). Defendant City of Harrisburg has filed the instant motion to dismiss Plaintiff Complaint arguing, *inter alia*, that Plaintiff's Complaint fails to plead a claim of *Monell* liability against them. For the reasons stated herein, Defendant City of Harrisburg's motion should be denied.

## II. COUNTER-STATEMENT OF QUESTION INVOLVED

Should Defendant City of Harrisburg's Motion to Dismiss Plaintiff's Complaint be denied?

**Suggested Answer: Yes.**

## III. ARGUMENT

**A. Plaintiff States a *Monell* Claim Against Defendant City of Harrisburg**

Overall, the basis of Defendant City of Harrisburg's motion appears to be that a claim for *Monell* is not specifically plead against them as 1) Plaintiff fails to identify/reference a specific policy or custom that was the alleged cause of any constitutional harm and 2) the City of Harrisburg cannot be found liable under a theory of respondeat superior in regard to an unidentified officer.

Federal Rule of Civil Procedure 8(a) only requires that a plaintiff's complaint set forth "a short and plain statement of the claim". Fed. R. Civ. P. 8(a)(2); see also Leatherman v. Tarrant County, 507 U.S. 163, 113 S. Ct. 1160, 122 L. Ed 2d 517 (1993) (no heightened pleading requirement for § 1983 claims). With regard to *Monell* claims, "[p]leading standards do not require a plaintiff to recite the specific text of official policy." Cowher v. Pike Cty. Corr. Facility, No. 3:16-CV-02259, 2018 U.S. Dist. LEXIS 94931, at *12 (M.D. Pa. June 6, 2018); see also Thomas v. Harrisburg City Police Dep't, No. 1:20-cv-01178, 2021 U.S. Dist. LEXIS 199522, at *36 (M.D. Pa. Oct. 15, 2021) (reversed in part on other grounds) ("district courts

in this circuit often do not require plaintiffs to allege the specific policies, procedures, customs, or training protocols that led to their injury until litigation has reached its later stages."). A "plaintiff is not obligated to plead with special particularity the exact policies and practices that were in place, prior to taking any discovery into the alleged policies, and explain exactly how these precisely alleged policies caused or contributed to [an individual's] injuries." Reed v. City of Phila., No. 20-3640, 2021 U.S. Dist. LEXIS 114783, at *11 (E.D. Pa. June 17, 2021); Cowher v. Pike Cty. Corr. Facility, No. 3:16-CV-02259, 2018 U.S. Dist. LEXIS 94931, at *12 (M.D. Pa. June 6, 2018) ("[p]leading standards do not require a plaintiff to recite the specific text of official policy."); McCullough v. Clinton Cty., No. 4:23-CV00171, 2024 U.S. Dist. LEXIS 63543 (M.D. Pa. Apr. 4, 2024); *Thomas* at 36 (reversed in part on other grounds) ("district courts in this circuit often do not require plaintiffs to allege the specific policies, procedures, customs, or training protocols that led to their injury until litigation has reached its later stages").

In light of the above applicable law and for the purpose of preserving Sawyers' cross claims against Defendants John Doe, unidentified Harrisburg Police Officer and the City of Harrisburg, Plaintiff sufficiently states a *Monell* claim against these other defendants within the Complaint.

## B. Sawyers States Valid Crossclaims Against Defendants John Doe, unidentified Harrisburg Police Officer and the City of Harrisburg

In its Answer to Plaintiff's Complaint, Sawyers asserted cross claims for contribution and/or indemnification against Defendants City of Harrisburg and John Doe, unidentified Harrisburg Police Officer. (See Doc. 13). Pennsylvania law provides that a "right of contribution exists among joint tort-feasors."42 Pa. Cons. Stat. Ann. § 8324(a). "'Joint tort-feasors' means two or more persons jointly or severally liable in tort for the same injury to persons or property[.]" 42 Pa. Cons. Stat. Ann. § 8322. The right of contribution arises when a "joint tortfeasor has discharged the common liability or paid more than his pro rata share." Swartz v. Sunderland, 403 Pa. 222, 169 A.2d 289, 291 (Pa. 1961). Likewise, a defendant, such as Sawyers, "will also be entitled to indemnification if, due to no fault of his own, he has been legally compelled to pay for damages primarily caused by another." Bank v. City of Phila., 991 F. Supp. 2d 523, 530 (E.D. Pa. 2014). Moreover, "[c]ommon law indemnification [under Pennsylvania law] is appropriate when a defendant's liability 'arises not out of its own conduct, but out of a relationship that legally compels the defendant to pay for the act or omission of a third party." Id. "The common law right of indemnity 'enures to a person who, without active fault on his own part, has been compelled, by reason of some legal obligation, to pay damages occasioned by the initial negligence of another, and for which he himself is only secondarily liable.'" Id.

Here, the Motion filed by the Defendant City of Harrisburg ignores the cross claims asserted by Sawyers which are viable and pending. It is also apparent from a simple reading of Plaintiff's Complaint that these cross claims are valid as the crux of Plaintiff's claims appear to be directed not towards Sawyers, but against Defendants John Doe, unidentified Harrisburg Police Officer and the City of Harrisburg. As such, these crossclaims should remain pending at this time in the event Plaintiff is capable of proving his case against defendants.

### C. Permitting Dismissal with Prejudice of Claims Against Defendant City of Harrisburg is Premature

Based upon the allegations contained within Plaintiff's Complaint, it is certainly plausible that Plaintiff may be able to prove a *Monell* claim against Defendant City of Harrisburg. Furthermore, as Plaintiff references in his Complaint, he appears to be in possession of certain evidence that may support his claims against Defendant City of Harrisburg. As such, the question of whether such claim will succeed can only be answered through discovery. Therefore, the City of Harrisburg's motion to dismiss is premature and should be denied because liability can only be determined by conducting discovery and exchanging further evidence between the parties.

## IV. CONCLUSION

For all the foregoing reasons, Defendant's City of Harrisburg's Motion to Dismiss should be denied.

          **WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY, LLP**

By: /s/Matthew G. Laver
Matthew G. Laver, Esquire
Atty. ID#: 208801
2000 Market Street, 13th Floor
Philadelphia, PA 19107
(215) 972-7900
(215) 564-7699 (fax)
mlaver@wglaw.com
*Attorney for Defendant*
*Tom Sawyer-Harrisburg, LLC d/b/a*
*Sawyers (improperly named as Sawyer's*
*Bar and Grill, LLC)*

Date: December 5, 2025