UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HERMAN ANGEL, | : | |
| Plaintiff, | : | No.: 1:25-CV-1407-LAL |
| v. | : | |
| JOHN DOE, AN UNIDENTIFIED HARRISBURG POLICE OFFICER, CITY OF HARRISBURG, AND SAWYER'S BAR AND GRILL, LLC | : | **Jury Trial Demanded** |
| Defendants. | : | |

## DEFENDANT CITY OF HARRISBURG'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS CROSSCLAIM OF SAWYER'S BAR AND GRILL LLC, PURSUANT TO F.R.C.P. 12(b)(6)

Defendant, City of Harrisburg, by and through its undersigned Counsel, Bellwoar Kelly, LLP, file this Brief in Support of its Motion to Dismiss Crossclaim of Sawyer's Bar And Grill LLC ("Sawyer's Bar") (ECF #13) and in support thereof aver as follows:

### I. INTRODUCTION

Co-Defendant Sawyer's Bar asserts a faulty crossclaim against the City of Harrisburg as the City of Harrisburg is immune from the alleged negligence claims against Sawyer's Bar, as the claims fail to fall within any of the nine enumerated exceptions to liability as set forth in the Pennsylvania Political Subdivision Tort

Claims Act. As a result, the Crossclaim of Sawyer's Bar must be dismissed, with prejudice.

II. **BRIEF PROCEDURAL AND FACTUAL STATEMENT**[1]

Co-Defendant Sawyer's Bar failed to assert any new facts in its Answer with Affirmative Defenses and Crossclaim. (ECF 13).

Rather, Sawyer's Bar asserts the following Crossclaim against Harrisburg:

> 1. Answering Defendant incorporates the allegations in the above paragraphs as though set forth at length herein.
>
> 2. If plaintiff is entitled to recovery based upon the averments set forth in the Complaint, said averments being denied, then defendants John Doe, an unidentified Harrisburg Police Officer and the City of Harrisburg are solely liable to plaintiff for all claims.
>
> 3. If plaintiff has a claim against Answering Defendant, then defendants John Doe, an unidentified Harrisburg Police Officer and the City of Harrisburg are solely liable, liable over, and/or jointly liable with Answering Defendant, in accordance with federal law and/or common rights of indemnification and indemnity.

Answer with Affirmative Defenses and Crossclaim (ECF 13).

As it relates to the underlying claims, Plaintiff asserts the following:

Count I:   Excessive Force (4th Amendment) (v. John Doe)
Count II:  Assault and Battery (v. John Doe)
Count III: §1983 Retaliation (vs. Harrisburg and John Doe)
Count IV:  Monell Liability (v. Harrisburg)

---

[1] Taking the well pled factual allegations of the Crossclaim as true, for purposes of this motion only, without admitting the same.

  Count V: Negligence (v. Sawyer's Bar)
  Count VI: Negligent Hiring, Training and Retention (v. Sawyer's Bar)
  Count IV: §1983 Deliberate Indifference to Serious Medical Needs (v. Harrisburg and John Doe).

Cmplt. ECF 1, Claims for Relief, p.4 of 5.

Sawyer's Bar filed its Answer with Affirmative Defenses and Crossclaim; and Harrisburg timely files its Motion to Dismiss the Crossclaim.

### III. LEGAL ARGUMENT

#### A. Standard

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief may be granted." F.R.C.P. 12(b)(6). To successfully state a claim, Sawyer's Bar must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain detailed factual allegations, it must have more than unadorned, "defendant-unlawfully-harmed-me" type of accusations, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly* at 555); it must do more than allege a party's entitlement to relief. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3rd Cir. 2009).

"A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft at* 678 (citing *Twombly*, 550 U.S. at 556).

Here, Sawyer's Bar fails to assert a plausible claim for relief as the City is immune from Plaintiff's negligence claims.

A. **Harrisburg is Immune from Plaintiff's Negligence Claims**

Co-Defendant's crossclaim is predicated upon Harrisburg being jointly liable with Sawyer's Bar "if Plaintiff has a claim against Answering Defendant" (i.e. Sawyer's Bar)(ECF 13, Crossclaim ¶3). Harrisburg cannot be "jointly liable" or "liable over to" Sawyer's Bar for Plaintiff's negligence claims (or related damages) as the claims fail to fall within any exception to immunity as set forth in the Pennsylvania Political Tort Claims Act 42 Pa.C.S.A. §8541 et. seq. ("TCA").

Viewing the Pro Se allegations liberally, he bases his negligence claims against Sawyer's Bar upon assault type claims; and negligent hiring. (Asserted Sawyer's Bar's security staff dismissed Plaintiff and pushed him (twice) while they forcibly removed his brother. Cmplt. ¶¶9-12. The allegations asserted fail to fall within any exception to the TCA.

It is undisputed that Harrisburg is a municipal entity subject to the TCA. To assert a viable claim against a municipal entity, a party must first demonstrate it has a common law or statutory cause of action for negligence against the local agency. 42 Pa. C.S.A. § 8542(a). It must then be established that the act by the entity falls within an exception to the TCA. Those exceptions include: (1) vehicle liability; (2)

care, custody or control of personal property; (3) real property; (4) Trees, traffic controls and street lighting; (5) utility service facilities; (6) streets; (7) sidewalks; (8) care, custody and control of animals; and (9) sexual abuse. 42 Pa.C.S.A. §8542(b)(1-9).

The exceptions to governmental immunity are narrowly applied by the courts as the legislature expressed a clear intent to insulate political subdivisions from tort liability. See, *Lindstrom v. City of Corry*, 763 A.2d 394 (Pa. 2000); *White v. School District of Philadelphia*, 718 A.2d 778 (Pa. 1998); *Love v. City of Philadelphia*, 543 A.2d 531 (Pa. 1988); *Mascaro v. Youth Study Center*, 523 A.2d 1118 (Pa. 1987). Moreover, governmental immunity under Pennsylvania law is an "absolute defense . . . and is not waivable." *Simmons v. City of Philadelphia*, 947 F.2d 1047, 1086 (3rd Cir. 1991) (*citing In re Upset Sale of Properties (Skibo)*, 560 A.2d 1388 (Pa. 1989)).

Plaintiff herein asserts a negligence and a negligent hiring claim. (Cmplt. ECF 1). As the negligence allegations fail to fall within any of the nine enumerated exceptions to immunity, Harrisburg cannot be jointly liable or liable over to Sawyer's Bar on the crossclaim. See, e.g. *Aiken v. Jefferson County*, 2019 U.S. Dist. LEXIS 156587 (W.D. Pa. 2019)(Civil Action No. 19-81) granting Jefferson County's Motion to Dismiss Crossclaim, with prejudice, where the County was immune to the asserted negligence claims. Also see, *Horton v. City of Harrisburg,* 2009 U.S. Dist. LEXIS 63428 (M.D. PA, Docket No. 06-cv-2338) holding

Harrisburg was immune from state tort claims; and *Means v. City of McKeesport*, 2012 U.S. Dist. LEXIS 178190 (W.D. PA, Docket No. 11-1092) dismissing state law tort claims against the municipal defendants as being statutorily immune.

As the City of Harrisburg is immune from the negligence claims pursuant to the TCA, the Crossclaim of Sawyer's Bar seeking joint liability or liability over to it, based upon negligence claims, must be dismissed, with prejudice.

### B. **No Other Claims are Alleged by Plaintiff to Support the Crossclaim**

A review of Plaintiff's Complaint fails to reveal any claims against Sawyer's Bar, other than the two negligence counts. (See, Cmplt. ECF 1). As there are no other claims upon which Plaintiff asserts a claim against Sawyer's Bar, there are likewise no other claims upon which Harrisburg could be jointly and/or liable over to Sawyer's Bar. Therefore, Sawyer's Bar's Crossclaim must be dismissed in its entirety, with prejudice.

## IV. **CONCLUSION**

For the reasons set forth herein and in the Motion to Dismiss, Harrisburg respectfully requests that this Court dismiss all crossclaims asserted against it by Sawyer's Bar and Grill, LLC, with prejudice, together with any other relief that this court deems appropriate under the circumstances.

**BELLWOAR KELLY, LLP**

Date: December 12, 2025          By:   */s/ Sheryl L. Brown*
                                 Sheryl L. Brown, Esquire, I.D. #59313
                                 Attorney for Defendant
                                 City of Harrisburg
                                 126 W. Miner Street, #1
                                 West Chester, PA  19382
                                 (p) 610-314-7066
                                 sbrown@bellwoarkelly.com

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERMAN ANGEL,<br><br>        Plaintiff,<br><br>    v.<br><br>JOHN DOE et al.<br><br>        Defendants. | No.: 1:25-CV-1407-LAL<br><br>**Jury Trial Demanded** |

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this day a true and correct copy of the City of Harrisburg's Brief in Support of its Motion to Dismiss the Crossclaim of Sawyer's Bar and Grill, LLC was served upon the following as indicated:

| | |
|---|---|
| Herman Angel<br>4105 Beechwood Ln. Apt. J<br>Harrisburg, PA  17112<br>(via First Class Mail) | Matthew Laver, Esquire<br>Weber Gallagher<br>2000 Market Street<br>13th Floor<br>Philadelphia, PA  19107<br>(via ECF) |

**BELLWOAR KELLY LLP**

Date: December 12, 2025

By: */s/ Sheryl L. Brown*
Sheryl L. Brown, Esquire, I.D. #59313
Attorney for Defendant
City of Harrisburg
West Chester, PA  19382
(p) 610-314-7066
sbrown@bellwoarkelly.com